UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JANE HEBERT,

     Plaintiff,

    v.

                        Case No. 10-cv-671-JPG-DGW

FORTUNE PORTFOLIO PROCESSOR
AND SERVICE GROUP, LLC, *also known
as* FPPSG, *doing business as* NPSG, LLC,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Jane Hebert's ("Hebert") Motion for

Default Judgment (Doc. 10) and Memorandum (Attach. 1) in support thereof. The crux of

Hebert's argument is that, because Defendant Fortune Portfolio Processor and Service Group,

LLC ("Fortune") has yet to appear or defend itself in this litigation despite being served with

process on November 4, 2010, *see* Doc. 4, and having default entered against it, *see* Doc. 7,

default judgment against Fortune is appropriate. The Court agrees.

Hebert requests judgment in the amount of $38,215.00,[1] itemized as follows:

$35,000.00 in actual damages; $1,000.00 in statutory additional damages; and $2,215.00 in

attorneys' fees and costs. To support these amounts, Hebert submitted a personal affidavit

(Attach. 2), an affidavit from one of her attorneys (Jeffrey Hyslip) (Attach. 3), her attorneys'

billing sheets related to this case (Attach. 6), and two exhibits related to costs of prosecution

---

[1]The amount actually requested in the instant motion is $37,215.00. Doc. 10-1, p. 5. But, having independently totaled the requested damages, fees, and costs, the Court finds that the amount contained in the motion is either a typographical error or miscalculation.

of this matter (Attach. 4, 5).

It is difficult, if not impossible, to currently gauge the extent of Fortune's liability, especially with respect to actual and statutory additional damages. Because Hebert's claim is not for a sum certain or for a sum that can be made certain by computation, the amount of the judgment must be determined by way of Federal Rule of Civil Procedure 55(b)(2). Pursuant to said rule, an evidentiary hearing would be necessary for the Court to take an accounting, determine the amount of damages, establish the truth of any averment by evidence, and/or conduct an investigation of other matters. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."). The Court, however, will not necessarily be determining the extent of Hebert's actual or statutory additional damages.

Federal Rule of Civil Procedure 55(b)(2) preserves one's right to a jury trial if a federal statute so requires. Indeed, the Seventh Circuit Court of Appeals has indicated that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. — the statute under which Hebert is prosecuting this action — provides a statutory right to a jury trial. More precisely, the Seventh Circuit has stated that Hebert and other individuals are "entitled to a jury trial for *all* damages under the FDCPA — statutory or actual [— under 15 U.S.C. § 1692k(a)(1) & (2)(A)]." *Kobs v. Arrow Serv. Bureau, Inc.*, 134 F.3d 893, 897 (7th Cir. 1998) (emphasis in original) (summarizing — and ultimately adopting — the holding of the court in *Sibley v. Fulton DeKalb Collection Serv.*, 8677 F.2d 830 (11th Cir. 1982)). *E.g.*, *Morehead*

*v. Legal Jurisdiction Support Servs., LLC*, No. 09-cv-364-DRH, 2010 WL 4293049, at *2

(S.D. Ill. Oct. 21, 2010); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 752 (N.D. Ill.

2003) ("[I]f this matter is not settled, damages will be decided by a jury."); *Scott v. Univ. Fid.*

*Corp.*, 42 F. Supp. 2d 837, 840-41 (N.D. Ill. 1999); *but see Clodfelter v. United Processing,*

*Inc.*, No. 08-CV-2131, 2008 WL 4225557, at *5 (C.D. Ill. Sept. 12, 2008) (awarding FDCPA

plaintiff $100,000 in actual damages and $1,000 in statutory additional damages on the basis

of affidavits).

Because Hebert demanded a trial by jury in her Complaint (Doc. 2) and because "[t]he

right of trial by jury . . . is preserved to the parties inviolate[,]" Fed. R. Civ. P. 38(a), the

Court **ORDERS** a jury to determine the actual damages and statutory additional damages

suffered by Hebert *unless* she would prefer an evidentiary hearing on the issue of damages be

conducted by the Court instead. If so, Hebert must file a withdrawal of her jury demand

pursuant to Rule 38(d) **no later than May 20, 2011**.[2] Should Hebert elect not to withdraw

her jury demand by said date, the Court will set this matter for a jury trial. Should Hebert

withdraw her jury demand by said date, the Court will set this matter for an evidentiary

hearing.

**IT IS SO ORDERED.**
**DATED: May 11, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[2]Withdrawal of a jury demand typically requires the consent of all parties. Fed. R. Civ. P. 38(d). Here, because Fortune never appeared and is now in default, the Court will deem it to consent to the withdrawal, should Hebert elect to do so.